# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| GREGORY ALLEN BATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CASE NO. 2:13-0131 |
| vs. ) | JUDGE SHARP/KNOWLES |
| ) | (Consolidated with 2:14-0019) |
| ) | |
| MELTON, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT & RECOMMENDATION

This matter is before the Court upon Defendants' "Joint Motion to Dismiss for Failure to Prosecute and to Comply With the Orders of the Court." Docket No. 33. The Motion was filed August 29, 2014, but the pro se Plaintiff has not filed a Response to the Motion.

The Motion essentially states that the Court previously forewarned Plaintiff that his prosecution of this action would be jeopardized if he failed to keep the Clerk's Office informed of his current address. Docket No. 3. On March 26, 2014, the Court entered a Scheduling Order, which again reminded Plaintiff that his failure to keep the Court informed of his address might result in the dismissal of his case. Docket No. 33, p. 2.

On March 21, 2014, Plaintiff filed a Notice to the Clerk that his address had changed to 6076 Mud Smith Road, Silver Point, Tennessee 38582. Docket No. 22.

On July 10, 2014, Defendants' counsel sent Plaintiff a Notice by certified mail that his deposition would be taken on August 26, 2014. Docket No. 33-1. That letter was sent to Plaintiff's last known address at the time, 6076 Mud Smith Road.

On August 8, 2014, Plaintiff submitted another notice that his address had changed to 149 Ridgedale Drive, Cookeville, Tennessee 38501. Docket No. 30. He also provided a "contact phone" number. *Id.* In his notice, he cryptically stated that he would "not be able to make the Court date on August 14, 2014," because he did not have any transportation. He also stated that he "would ask for 60 day reset date to appear." *Id.*, p. 2. The Court did not understand these statements, because there was no "Court date" set for August 14, 2014.

After Plaintiff filed his change of address notification on August 8, 2014, Defendant attempted to contact him at the phone number he had provided. The person answering the phone call, who identified himself as "Stockton," denied having any knowledge that his number had been provided to the Court or why. Docket No. 33, p. 3.

Even though there was no "Court date" set on August 14, 2014, Defendants filed a Response in Opposition to Plaintiff's request to have a "60 day reset date to appear." Docket No. 31. That Response was sent to Plaintiff at his then-current address on Ridgedale Drive in Cookeville. The letter, however, was returned marked "Return to Sender/Insufficient Address/Unable to Forward." Docket No. 32.

Plaintiff failed to appear at his scheduled deposition on August 26, 2014.

As discussed above, the instant Motion to Dismiss was filed August 28, 2014. There is no indication in the record that that Motion was not received by Plaintiff. A subsequent Order, however, was returned marked "Return to Sender/Insufficient Address/Unable to Forward," on October 3, 2014. Docket No. 38. Also as discussed above, Plaintiff has not filed a Response to the instant Motion. *See* local Rule 7.01(b).

It is clear from the record and the Motion that Plaintiff has failed to keep the Court

2

apprised of his address. Plaintiff also failed to appear for a properly noticed deposition.

For the foregoing reasons, the undersigned recommends that this action be DISMISSED for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b) and for failure to appear at his own deposition, pursuant to Fed. R. Civ. P. 37(d)(1)(A)(i).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge